# CASES

# SUPREME COURT

OF

# WASHINGTON

[No. 13218. Department Two. April 21, 1916.]

*In the Matter of the Estate of* RUSSEL M. BACON.[1]

WILLS—TESTAMENTARY CAPACITY—EXECUTION—EVIDENCE — SUFFI-CIENCY. Findings supporting the testamentary capacity and due execution of a will are sustained by a preponderance of the evidence, although there was an appearance of the separation of the sheets and the insertion of another, where the circumstance was fully explained and each sheet was signed at the foot by the testator.

Appeal from a judgment of the superior court for Lincoln county, Webster, J., entered March 25, 1915, sustaining the probate of a will, after a contest, tried on the merits to the court. Affirmed.

*Mulligan & Bardsley, H. J. Hibschman,* and *H. N. Martin,* for appellant.

*Merritt, Lantry & Merritt* and *John I. Melville,* for respondent.

PARKER, J.—The petitioner, Thomas Bacon, commenced this proceeding in the superior court for Lincoln county, contesting the validity of the will and the codicil thereto of his father, Russel M. Bacon, deceased, which had theretofore been duly probated in common form in that court. The grounds of contest relied upon by the petitioner are, in sub-

[1] Reported in 156 Pac. 845.

stance: (1) That, after the execution of the will, it was
wrongfully changed by the removal of one of its sheets and
the substitution of another therefor by someone other than
the deceased, so that the will as probated was not the will
of the deceased; (2) that the will was procured to be executed
by deception and undue influence practiced upon the deceased;
and (3) that the deceased was not of sound mind and was
mentally incapable of making a will at the time of the pur-
ported execution of the will and codicil. At the conclusion
of a somewhat protracted trial, the court sustained the will
as probated and rendered judgment accordingly against the
petitioner, from which he has appealed to this court.

There are no questions here presented calling for serious
consideration other than questions of fact. The alleged
wrongful change of the will after its execution is to be de-
termined from circumstances which must be viewed in the
light of oral testimony the credibility of which the trial court
was much better able to judge than we are. Some facts ap-
pearing from the will itself, such as the manner in which its
separate sheets were attached together, their appearance of
having been separated and again attached together, and the
difference in the typewriting on one sheet as compared with
the others, are fully explained as having occurred before the
execution of the will and during the course of its preparation,
by the testimony of a credible witness which the trial court
was warranted in believing, specially in view of the fact that
the signature of the deceased appears at the foot of each sep-
arate sheet of the will. It is true that an expert handwriting
witness, by his testimony, if it is to be believed, would render
the signature of the deceased upon the alleged changed sheet
doubtful; but other handwriting witnesses, who apparently
are equally credible, if they are to be believed, render it prac-
tically certain that the signature was the signature of the
deceased. This view, we think, is supported by a comparison
of that signature with those upon the other sheets, including
the one at the foot of the entire will, all of which are before

us and were before the trial court. It is also true that another witness testified to facts tending to show that this particular questioned sheet of the will was inserted after its execution in place of the one originally there. We think, however, in the light of all the circumstances, the trial court was fully warranted as regarding the memory of this witness not sufficiently certain to establish the change in the will claimed to have been made.

The alleged deception and undue influence practiced upon the deceased inducing him to make the will, and also the alleged want of mental capacity on the part of the deceased at the time of the execution of the will, we think the learned trial court was warranted in concluding as being wholly unsupported by the evidence.

We have read with much care all of the evidence as found in the abstracts thereof made by counsel, which are quite full; and have also read a considerable portion of the evidence as found in the statement of facts, especially that touching the alleged change in the will after its execution; and are convinced therefrom that it preponderates in support of the views of the learned trial court upon all the questions presented. We think it would be unprofitable to review the evidence in detail in this opinion.

The judgment is affirmed.

MORRIS, C. J., HOLCOMB, MAIN, and BAUSMAN, JJ., concur.